1   Mirch Law Office
2   Kevin J. Mirch, Esq. Bar No. 106973
    Marie Mirch, Esq. Bar No. 200833
3   701 B. St., Suite 1310
    San Diego, CA 92101
4   Telephone (619) 501-6220
    Facsimile  (619) 501-6980
5   *Attorneys for Plaintiff*

6

7                 **IN THE UNITED STATES DISTRICT COURT**

8              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

9

10  ALBERT SANCHEZ, SR.,            )
                                    )        CASE NO.: 10-CV-01628-W-RBB
          Plaintiff,                )
11                                  )        PLAINTIFF'S MEMORANDUM
    v.                              )        OF POINTS AND AUTHORITIES
12                                  )        IN OPPOSITION TO DEFENDANTS'
    ALBERT SANCHEZ, JR.,            )        PARTIAL MOTION TO DISMISS
13  GARNETT MCKEEN                  )        UNDER F.R.C.P. 12(b)(6) CAUSES OF
    LABORATORY, INC., and           )        ACTION:
14  ALO INVESTMENTS, LLC.           )
                                    )        1. FEDERAL TRADEMARK
15                                  )         INFRINGEMENT (15 U.S.C.A. §1114)
                                    )
16                                  )        5. STATE LAW TRADEMARK
          Defendants.              )        INFRINGEMENT (Cal. Bus. Prof. Code
17                                  )        §14245)
                                    )
18                                  )        Judge: Hon. Janis L. Sammartino
                                    )        Courtroom: 6
19                                  )        Date: January 14, 2011
                                    )        Time: 3:00pm
20  _____/

21

22      Plaintiff, Albert Sanchez, Sr., opposes Defendants', Albert Sanchez Jr., Garnett McKeen

23  Laboratory, and Alo Investments, LLC, Motion to Dismiss its First Claim for Relief.   This

24  opposition is made and based upon the following points and authorities, exhibits, affidavits, and

25  pleadings on file herein.  Defendants Motion is made pursuant to Rule 12(b)(6).

26  //

27  //

28  PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS        1

1

**POINTS & AUTHORITIES**

2      Defendant's Motion requests that this Court dismiss the Plaintiff's First and Fifth Claims

3   For Relief because they argue that the complaint does  not state claims upon which relief can be

4   granted. In addition, Defendant's seek an order dismissing the Plaintiffs First and Fifth Claims

5   For Relief pursuant to FRCP 12(b)(6).  Defendants motion should be denied in regards to

6   Plaintiff's First Claim for Relief because Plaintiff has properly alleged each and every necessary

7   element and has thoroughly alleged grounds for such relief.

8

**I.  FACTS**

9      The following facts have been alleged in Plaintiff's complaint:

10      15.  The relevant fact for the focus of this particular complaint is that Albert Sanchez, Jr.
     fraudulently claimed to be the owner of a trademark that he absolutely knew was owned by his
11   father, Albert Sanchez, Sr., under common law.

12      18.  Whenever it benefitted Albert Jr. to do so, Albert Jr. would execute forged
     documents under his own name and submit those documents for filing. This is how he was able
13   to open bank accounts in his own name while brazenly leading Albert Sr. to believe that they
     were his (Albert Sr.'s) accounts, and this is how Albert Jr. was able to fraudulently file an
14   application for trademark protection for the word mark POLYMVA without arousing the
     suspicion of his father.

15

     21.  On April 8, 2002, Albert Jr. secretly formed a limited liability company for the
16   purpose of using the LLC as the applicant/owner for fraudulently filing a POLYMVA trademark
     application with the U.S. Patent and Trademark Office (USPTO).
17

     24.  The LLC entity that only came into existence on April 8, 2002 was presented as the
18   owner of a trademark that was purported to have (although in reality did not have) a First Use
     Date of January 5, 1992 and a First Use in Commerce Date of May 20, 1995.   In fact it was the
19   latter date (May 20, 1995) that Plaintiff created the trademark/tradename POLY-MVA™ and
     placed the same into commerce at the same time.
20

     25.  Defendant, Albert Jr. not only misrepresented about being the owner of the
21   trademark (or, more specifically, misrepresented about "Alo Investments LLC" being the owner
     of the trademark), he also misrepresented on the trademark application about the date of First
22   Use.

23      35.  It is very important to note that January 5, 1992 was MORE THAN 3 YEARS
     BEFORE the brand name POLY-MVA™ (or Albert Jr.'s  incorrectly and fraudulently submitted
24   variant, POLYMVA) even came into existence. So again, Albert Jr. not only lied about being the
     owner of the trademark (or, more specifically. misrepresented Alo Investments LLC  as being the
25   owner of the trademark), he has repeated his previous misrepresentation by once again stating on
     the trademark application that the Date of First Use was January 5, 1992.
26

     38. The Examining Attorney in the Trademark Office has noted certain problems with the
27

28   PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS          2

1    application, such as, that there is a discrepancy between the "drawing" submitted on the application (the "drawing" is simply the submitted word mark POLYMVA) and the "specimen."

2    As a specimen, Albert Jr. submitted a copy of the logo art. The logo art shows the hyphenated mark (POLY-MVA) whereas the "drawing" as submitted on the application shows the mark

3    without a hyphen (POLYMVA).

4        39. . . ADDENDUM: It should also be noted here that Albert Jr. has not only fraudulently claimed to be the owner of the POLY-MVA™ trademark, he has even gone as far as to use the

5    illusion of valid trademark ownership in order to threaten POLY-MVA™ distributors with infringement lawsuits and a forced shutdown of their websites if they do not comply with his

6    demands. Albert Jr. repeatedly used these extortion tactics to demand that these distributors purchase their wholesale POLY-MVA™ ONLY FROM HIS COMPANY AS THE EXCLUSIVE

7    SUPPLIER and he demanded that they set a minimum retail price.   Albert Jr. continually threatened to force distributors out of business if they dared to offer POLY-MVA™ for sale

8    below his mandated minimum retail price or dared to purchase POLY-MVA™ from any other supplier.

9

10       40.   Albert Sanchez, Sr. owns the trademark for the following mark: POLY-MVA™. Plaintiff owns the trademark and tradename by selling POLY-MVA™ into commerce in California and throughout the United States and worldwide before the same was illegally

11   converted by his son Albert Sanchez, Jr.

12       44.       Albert Sanchez, Sr. has used his POLY-MVA™ Mark throughout the United States and has heavily advertised and promoted it. This mark represents valuable, substantial and

13   exclusive goodwill and reputation inuring to Albert Sanchez Sr.'s benefit.

14       49 .     Defendants Albert Sanchez, Jr. and Alo Investments LLC, in addition to the violations referenced in Paragraph 48 and elsewhere throughout this document, have committed

15   acts of trademark fraud by seeking to obtain trademark registration in the Patent and Trademark Office with false, fraudulent declarations and representations.

16

17       53.     Plaintiff Albert Sanchez, Sr. realleges each of the foregoing paragraphs and incorporates them in this claim for relief.

18       69.     Plaintiff Albert Sanchez, Sr.   realleges each of the foregoing paragraphs and incorporates them in this claim for relief.

19

20       70.     Defendants' actions and planned actions in connection with the sale, offering for sale, distribution or advertising of goods and/or services bearing marks containing POLY MVA™ or any of its nearly identical variants applied to dietary supplements and services,

21   without the consent of Plaintiff Albert Sanchez, Sr. infringes upon Plaintiff Albert Sanchez, Sr.'s trademark rights in violation of California Business and Professions Code  §14245.

22

23       These facts apply to each claim for relief.  Defendants motion to dismiss does not

     consider these allegations.

24

                            II.  **STANDARD OF REVIEW**

25

26       **A.       Introduction.**

27

28

1    On a Motion to Dismiss, the Court assumes, "all the allegations in the complaint are true

2  (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 589, 127 S. Ct. 1955, 1985,

3  167 L. Ed. 2d 929 (2007).   A complaint does not need detailed factual allegations. *See Id* at

4  1964.  However, Plaintiff's grounds for its entitlement for relief, " requires more than labels and

5  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See id.*

6  at 1965, (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

7
    **B.      Motion for Leave to Do Discovery if Defendants' Motion is considered to be**
8    **one for Summary Judgment**.

9    To the extent that this Court considers other facts Plaintiff requests leave to respond to

10  those arguments after discovery has been completed.  Plaintiff intends to do the following

11  discovery: interrogatories, request for production, admissions and depositions.  To the extent that

12  Defendant is arguing facts not alleged in Plaintiffs' Complaint, Siena objects. See,  *Anderson v.*

13  *Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

14                          **III.  ARGUMENT**

15    **A.      Plaintiff's First Claim for Relief is Properly plead.**

16    The United States Supreme Court, in a per curiam decision, held that Rule 8's "short and

17  plain statement" did not require allegation of specific facts. *Erickson v. Pardus*, 127 S. Ct. 2197,

18  (2007). A claim need not state specific facts, but will withstand a Rule 12 motion if it gives the

19  defendant fair notice about what the claim is and the grounds on which it rests.  *See Id.*

20    To prevail on Lanham Act false designation or common law trademark infringement

21  claim, plaintiff must show, "that it owns valid mark, that mark was used without its consent and

22  that such unauthorized use is likely to cause confusion, mistake, or deception. *Credit One Corp.*

23  *v. Credit One Fin., Inc.*, 661 F. Supp. 2d 1134 (C.D. Cal. 2009) (*citing* Lanham Act §§ 32, 43, 15

24  U.S.C.A. §§ 1114, 1125).

25    The Lanham Act includes 15 U.S.C.A. §1114. *See id* at 1137 (the Court cited to 15

26  U.S.C. §1114, 1125 and in parenthesis described the citation as "Lanham Act").

27

28  PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS        4

1    Plaintiff's First Claim for Relief states:

2                                  **FIRST CLAIM FOR RELIEF**

3                                      **First Claim for Relief**
                                   **Federal Trademark Infringement**
4                          **15 U.S.C. §1114 (against all Defendants)**

5       53.    Plaintiff Albert Sanchez, Sr. realleges each of the foregoing paragraphs and
     incorporates them in this claim for relief.
6
        54.   Defendants' actions and planned actions in connection with the sale, offering
7    for sale, distribution or advertising of goods and/or services bearing marks containing the
     POLY-MVA™, or any of its nearly identical variants applied to dietary supplements and services
8    in interstate commerce, without the consent of Plaintiff, Albert Sanchez, Sr., constitutes willful,
     deliberate and intentional infringement of the POLY-MVA™ Marks, and has caused and
9    continues to cause a likelihood of confusion and harm to Plaintiff in violation of 15 U.S.C.
     §1114.
10
        55.    By reason of the foregoing, Plaintiff Albert Sanchez, Sr. has been injured in an
11   amount to be determined. In addition, as a result of Defendants' unlawful acts, Plaintiff Albert
     Sanchez, Sr. has suffered and will continue to suffer irreparable harm, and Plaintiff, Albert
12   Sanchez, Sr. has no adequate remedy at law with respect to this injury. Unless the acts of
     trademark infringement are enjoined by this Court, Plaintiff Albert Sanchez, Sr. will continue to
13   suffer irreparable harm. Defendants' actions have been knowing, intentional, wanton, and
     willful, entitling Plaintiff Albert Sanchez, Sr. to damages, treble damages, profits, attorney's
14   fees, statutory damages, and the costs of this action.

15      **WHEREFORE**, Plaintiff prays for relief as set forth below.

16   *See* FAC.

17              **1.      Plaintiff's First Claim for Relief is properly plead because Defendants
                         have been put on notice of Plaintiff's claim and its grounds for relief.**
18
          Here, Plaintiff has given Defendants fair notice that the First Claim for Relief is based on
19
     Federal Trademark Infringement under the Lanham Act which includes 15 USCA §1114.
20
     Defendants argue that Plaintiff's First Claim for Relief should be dismissed because the claim
21
     allegedly should have been brought under 15 USCA §1125(a).  Plaintiff disagrees that it
22
     improperly brought its Federal Trademark infringement claim under 15 USCA §1114.  However,
23
     Defendants' admission that Plaintiff's claim could also be brought under 15 USCA §1125(a)
24
     evidences the fact that the Defendants, in reading Plaintiff's factual allegations in Plaintiff's First
25
     Amended Complaint, are able to identify Defendants' trademark INFRINGEMENT and, as a
26
     result, have been put on proper notice.
27

28   PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS           5

**2.** **Plaintiff's First Claim for Relief is properly plead because all of the essential elements are present in Plaintiff's FAC.**

Additionally, Plaintiff has plead all the essential elements under the Lanham Act and/or common law trademark infringement. As stated above, the Lanham Act includes 15 U.S.C.A. §1114. *See* Credit One Corp. v. Credit One Fin., Inc., 661 F. Supp. 2d at 1137 (the Court cited to 15 U.S.C. §1114, 1125 and in parenthesis described the citation as "Lanham Act"). To prevail on Lanham Act false designation or common law trademark infringement claim, plaintiff must show, "that it owns valid mark, that mark was used without its consent and that such unauthorized use is likely to cause confusion, mistake, or deception. *See id*, (citing Lanham Act §§ 32, 43, 15 U.S.C.A. §§ 1114, 1125.

Federal Registration of trademark is prima facie evidence of the validity of the mark and its use in commerce. *See id* at 1137. Nevertheless, "a party asserting common law trademark rights can 'rebut this presumption by showing it used the mark in commerce first'. . . To prevail over a junior user who is an incontestable registrant, a common law senior user must show continuous use prior to the date of the junior user's trademark registration." *See id* at 1138.

Plaintiff's First Amended Complaint contains facts stating that Plaintiff is the owner of the mark POLY-MVA, that Defendants used the mark without Plaintiff's consent, and the unauthorized use it likely to cause confusion. More specifically Plaintiff's FAC states:

40.   Albert Sanchez, Sr. owns the  trademark for the following mark: POLY-MVA™. Plaintiff owns the trademark and tradename by selling POLY-MVA™ into commerce in California and throughout the United States and worldwide before the same was illegally converted by his son Albert Sanchez, Jr.

54.   Defendants' actions and planned actions in connection with the sale, offering for sale, distribution or advertising of goods and/or services bearing marks containing the POLY-MVA™, or any of its nearly identical variants applied to dietary supplements and services in interstate commerce, without the consent of Plaintiff, Albert Sanchez, Sr., constitutes willful, deliberate and intentional infringement of the POLY-MVA™ Marks, and has caused and continues to cause a likelihood of confusion and harm to Plaintiff in violation of 15 U.S.C. §1114.

82.   Defendants' acts of infringement as alleged above constitute unfair competition actionable under the laws of the State of California as fraudulent business acts or practices, in that, inter alia, said acts are likely to confuse the public as to the origin of the products.

1   *See* FAC.

2      Defendants argue that §1114 is "intended by its plain language only to afford relief and

3   procedural advantages to those holding registered marks."  *See* Def's Mt to Dismiss 3:16-17.

4   However, Defendants' interpretation of 15 USCA §1114 is incorrect.  Case law does not state

5   that a Plaintiff must be registered to prevail under a 15 USCA §1114 claim.  In fact, state law

6   addresses instances, such as the one at addressed in Plaintiff's First Amended Complaint, where

7   a junior user is claiming ownership to a trademark.  The issue of whether the senior user is a

8   registered owner is not determinative on the issue of federal trademark INFRINGEMENT.

9   Registration is merely a factor and, as stated above, can be rebutted by showing continuous use

10  prior to the date of the junior user's trademark registration.  Plaintiff, the senior user, plead

11  continuous use prior to Albert Jr., the junior user.  For instance:

12

13     23. On April 27, 2002, only 19 days after Alo Investments LLC was formed, Albert Jr.
    fraudulently submitted an application to the USPTO seeking trademark protection for the
    POLYMVA trademark, and he presented his then 19-day-old entity (Alo Investments LLC) as

14  the Applicant/Owner.
       24.   The LLC entity that only came into existence on April 8, 2002 was presented as the

15  owner of a trademark that was purported to have (although in reality did not have) a First Use
    Date of January 5, 1992 and a First Use in Commerce Date of May 20, 1995.   In fact it was the

16  latter date (May 20, 1995) that Plaintiff created the trademark/tradename POLY-MVA™ and
    placed the same into commerce at the same time.

17     65. Because of  the substantial investment Plaintiff Albert Sanchez, Sr. has made in
    marketing the POLY-MVA™ Product and other goods and services in connection with the

18  POLY-MVA™ Mark, throughout years of  continuous use in commerce, including extensive
    advertising and publicizing of his product,  the POLY-MVA™ Mark has become instantly

19  recognizable as a  beneficial dietary supplement.

20  *See* FAC.

21     In conclusion, Defendants' Motion to Dismiss Plaintiff's First Claim for Relief should be

22  DENIED because Plaintiff put the Defendants on proper notice and plead all of the essential

23  elements for Federal Trademark Infringement under 15 USCA §1114 .  When read in connection

24  with the opening factual allegations, the claims are over plead.   Therefore, Plaintiff did not fail

25  to state a claim for which relief can be granted and Defendants Partial Motion to Dismiss should

26  be DENIED.

27

28  PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS          7

1  **B.    Plaintiff's Fifth Claim for Relief.**

2      Plaintiff does not contest Defendants' Partial Motion to Dismiss for Plaintiff's Fifth

3  Claim for Relief.  Cal. Bus. & Prof. Code §14245 states in part, "(a) A person who does any of

4  the following shall be subject to a civil action by the owner of the registered mark, and the

5  remedies provided in Section 14250. . .."  In contrast to 15 USCA §1114, Cal. Bus. & Prof. Code

6  §14245 has a definitions section which defines "mark". Cal. Bus. & Prof. Code §14202 states in

7  part, " © 'Mark' includes any trademark or service mark entitled to registration under this

8  chapter, whether registered or not."*See* Cal. Bus. & Prof. Code  14202 (West).  As a result, the

9  use of the word "registered" within the section is significant.

10      This is in contrast to 15 USCA §1114 where, as mentioned above, the use of the word

11  "registered" is not significant because case law states that a Federal Trademark Infringement

12  claim may survive without the senior user having registered the trademark.  *See Credit One*

13  *Corp. v. Credit One Fin., Inc.*, 661 F. Supp. 2d at 1137-1138.

14      However, all of Plaintiff's factual allegations set forth in Plaintiff's Fifth Claim for Relief

15  should be incorporated into Plaintiff's Sixth Claim for Relief entitled State Law Trademark

16  Infringement (Cal. Bus. & Prof. Code §14247).  Cal. Bus. & Prof. Code §14247 states in part,

17          (a) Subject to the principles of equity, an owner of a mark that is famous and
            distinctive, whether inherently or through acquired distinctiveness, shall be
18          entitled to an injunction against another person's commercial use of a mark or
            trade name, if such use begins after the mark has become famous and is likely to
19          cause dilution of the famous mark, and to obtain such other relief as is provided in
            this section.
20  *Cal. Bus. & Prof. Code* § 14247 (West).

21      Cal. Bus. & Prof. Code §14247 solely uses the word "mark".  Plaintiff states under its

22  Sixth Claim for Relief, "Plaintiff incorporates by reference all the previous allegations as if more

23  fully set forth herein."  Therefore, all of Plaintiff's allegations set forth in its Fifth Claim for

24  Relief may be incorporated into Plaintiff's Sixth Claim for Relief which has left out the adjective

25  "registered."

26      In conclusion, Plaintiff does not contest the Defendants' partial motion to dismiss its

27

28  PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS          8

1  Fifth Claim for Relief, however Plaintiff seeks leave to amend its complaint to incorporate its

2  factual allegations set forth in its Fifth Claim for Relief under Plaintiff's Sixth Claim for Relief.

3  **CONCLUSION**

4       Plaintiffs First Claim for relief is properly plead, additional allegations are not necessary

5  as the Defendants are fully aware of the allegations and, as a result, have been put on proper

6  notice.  To the extent that this Court accepts any of Defendants' arguments, Plaintiff seeks leave

7  to amend its complaint to cure any defects found by this Court.  Finally, to the extent that this

8  Court deems this motion to be one for summary judgment under FRCP 56, Plaintiff seeks leave

9  to respond under that section after discovery has been completed.

10

11       Respectfully submitted this 22nd day of November, 2010.

12

13                                                    /s/ Kevin J. Mirch
                                                         KEVIN J. MIRCH,
14                                                    *Attorney for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28   PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS         9

**PROOF OF SERVICE**

I, Erin Hanson, declare:

I am over the age of 18 years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California, where the services set forth below occurs; and my business address is: MIRCH LAW FIRM, 701 B Street, Suite 1310, San Diego, California 92101.

I further declare that on this date, I served the foregoing documents described as:

**1.  Plaintiff's Opposition to Defendants' Partial Motion to Dismiss**

By transmitting, via Electronic Case Filing, the above-described documents on the party or parties indicated on the Service List, as follows, pursuant to Local Civil Rule 5.4:

**Service List:**

Grant Teeple
9255 Towne Centre Dr., Suite 500
San Diego, CA 92121


I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on November 22, 2010 at San Diego, California.

Signature: /s/ Erin Hanson