# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT SANCHEZ, SR., <br><br>  Plaintiff, <br><br> vs. <br><br> ALBERT SANCHEZ, JR.; GARNETT MCKEEN LABORATORY, INC.; EL-GEN LLC; AMARC ENTERPRISES, INC.; ALO INVESTMENTS, LLC.; et al., <br><br>  Defendants. | CASE NO. 10CV1628 JLS (RBB) <br><br> **ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND/OR ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ENTERED** <br><br> (Doc. Nos. 15, 34) |

Presently before the Court are Defendants' motion to dismiss Plaintiff's first amended complaint (Doc. No. 15 (MTD)) and Plaintiff's ex parte application for a temporary restraining order (TRO) and order to show cause why a preliminary injunction should not be entered (Doc. No. 34 (Appl.)). Also before the Court are the parties' respective oppositions (Doc. Nos. 23 (Opp'n to MTD), 36 (Opp'n to Appl.)) and replies (Doc. Nos. 24 (Reply to MTD), 37 (Reply to Appl.)). Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** Plaintiff's application for a TRO.

## BACKGROUND

The parties are well aware of the facts of this case. (*See* Doc. No. 22 (Order), at 1–3.) In summary, in 1995 Defendant Garnett McKeen Laboratory, Inc. (GML) introduced Plaintiff to a

dietary supplement product, which came to be known as POLY-MVA.[1]  (Doc. No. 6-2 (Albert Sanchez, Sr. Decl.) ¶ 3.)  Plaintiff agreed to "assume the Sole Worldwide Distribution rights" for the product (*id.* ¶ 4) and immediately began to market and sell it under the POLY-MVA mark (*id.* ¶ 6).  In 2008, however, Defendant El-Gen LLC, GML's manufacturing subsidiary, terminated the distribution agreement in favor of a new agreement with AMARC Enterprises, Inc. (AMARC).  (*Id.* ¶ 10; Doc. No. 34-5 (McKeen Decl.) ¶ 9.)

According to Plaintiff, Defendant Albert Lee Sanchez secretly formed AMARC and ALO Investments, LLC in 2002.  (FAC ¶ 21.)  Through ALO, Albert Lee Sanchez allegedly fraudulently obtained trademark protection for the POLY-MVA mark.  (*Id.* ¶ 28.)  The United States Patent and Trademark Office subsequently canceled the registration for the POLY-MVA mark.  (*Id.* ¶ 30.)  On April 27, 2010, ALO—again allegedly fraudulently—began anew the registration process for the POLY-MVA mark.  (*Id.* ¶ 33.)  Plaintiff alleges that Albert Lee Sanchez and ALO never owned and were never entitled to register the POLY-MVA mark.  (*Id.* ¶ 35).

Against this background, Plaintiff asserts several trademark infringement claims (*see* FAC), two of which Defendants ask the Court to dismiss (*see* Doc. No. 15-1 (Mem. ISO MTD), at 3–5).  This background also serves as the factual basis for Plaintiff's application for a TRO enjoining Defendants from refusing to sell POLY-MVA to him.  (Mem. ISO Appl. 1, 13.)

**LEGAL STANDARD**

**1.   Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

---

[1] The parties' memoranda and declarations in support of and in opposition to the motion to dismiss and the application variously refer to the product as "POLY-MVA," "Poly-MVA," and "POLYMVA."  (*Compare* Doc. No. 34-2 (Mem. ISO Appl.) *passim* (POLY-MVA), *and* Opp'n to MTD *passim* (same), *with* Opp'n to Appl. *passim* (Poly-MVA), *and* Doc. No. 34-4 (Albert Lee Sanchez Decl.) *passim* (POLYMVA).)  The operative complaint refers to the product as "POLY-MVA" (*see* Doc. No. 5 (FAC) *passim*), and the Court adopts that usage unless directly quoting another source.

1 require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible if the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**2.     Ex Parte Application for TRO**

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC)*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 128 S. Ct. 2207, 2218–19 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d

1046, 1052 (9th Cir. 2009). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *NRDC*, 129 S. Ct. at 376. This clear showing requires Plaintiff to show more than a mere "possibility" of irreparable harm, but instead he must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 375; *accord Am. Trucking Ass'ns*, 559 F.3d at 1052.

**ANALYSIS**

**1.    Motion to Dismiss**

Defendants move to dismiss only two of Plaintiff's trademark infringement claims: (1) the first cause of action for violation of 15 U.S.C. § 1114 of the Lanham Act, and (2) the fifth cause of action for violation of California Business and Professions Code section 14245. (*See* Mem. ISO MTD 3–5.) Because Plaintiff concedes that the state claim is not viable (*see* Opp'n to MTD 8), the Court only discusses the federal claim.

Under federal law, a person who uses "any reproduction, counterfeit, copy, or colorable imitation of a registered mark" "without the consent of the registrant" is liable for trademark infringement. 15 U.S.C. § 1114. Defendants read the "consent of the registrant" and "registered mark" clauses to mean that a plaintiff can sue under § 1114 only if the plaintiff has a federally registered trademark. (Mem. ISO MTD 2–3.) Because the FAC does not allege that Plaintiff has a federally registered trademark, Defendants argue that Plaintiff has failed to state a claim under § 1114. (*Id.* at 3.)

Defendants' contention is well-taken. Under the Lanham Act, a plaintiff's path to relief from infringement depends on the nature of the trademark that the plaintiff holds. If the plaintiff holds a federally registered mark, § 1114, which expressly contemplates a "registrant," is appropriate. If, however, the mark is not registered, § 1125(a), which does not contain a registration requirement, is appropriate. The plain statutory language compels this conclusion, as does substantial case law. *See, e.g.*, *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004); *Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788, 792 (9th Cir. 1981); *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir. 1980).

Plaintiff nevertheless argues that he has pleaded "all the essential elements [of a claim] under

the Lanham Act and/or common law trademark infringement." (Opp'n to MTD 6.) Whether or not that is true does not change the fact that Plaintiff's first cause of action, which seeks relief under § 1114 only, fails to state a claim. Accordingly, Plaintiff's first cause of action is **DISMISSED WITH PREJUDICE**. The fifth cause of action, which both parties agree fails, is also **DISMISSED WITH PREJUDICE**.

**2.     Ex Parte Application for a TRO**

Although the FAC contains eight causes of action, Plaintiff's application only discusses the merits of the seventh cause of action, which is for violation of California's unfair competition statute, California Business and Professions Code section 17200. (Mem. ISO Appl. 1.) Specifically, though, the unfair competition that Plaintiff identifies in the application is a monopoly violation of the Sherman Antitrust Act. (*Id.* at 5–6.) Accordingly, the Court addresses the propriety of a TRO[2] only as it pertains to the monopoly claim.

At the outset, the Court assumes without deciding that Plaintiff likely would succeed on the merits of the monopoly claim. That assumption can be made because, whatever the merits of the monopoly claim, Plaintiff has not demonstrated, as he must, an "*immediate* threatened injury." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis added); *accord Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377–78 (9th Cir. 1985).

What prevents Plaintiff from establishing such immediacy is his five-month delay in applying for this TRO. Although a delay in applying for a TRO is not necessarily dispositive, Plaintiff's utter "lack of urgency" tips the scales against issuing a TRO in this case. *See Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) (quoting *Oakland Tribune, Inc.*, 762 F.2d at 1377); *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984). Taken in context, the belated nature of Plaintiff's application is even more egregious— in his previous application for a TRO, which the Court denied (*see* Order 1), Plaintiff advanced a completely different theory and

---

[2] Through his application, Plaintiff requests both a TRO and an order to show cause why a preliminary injunction should not be entered. (*See* Appl. 1–3.) For brevity's sake and because TROs are governed by the same standard applicable to preliminary injunctions, *see New Motor Vehicle Bd. of Cal.*, 434 U.S. at 1347 n.2, this Order only refers to Plaintiff's request for a TRO. However, its reasoning applies with equal force to Plaintiff's request for an order to show cause why a preliminary injunction should not be entered.

1  excluded any mention of unfair competition. If Plaintiff was unconcerned with Defendants' allegedly
2  unfair practices then, there is no reason why he has cause to fear those same practices today.
3  Accordingly, the Court finds that Plaintiff has not demonstrated any threatened injury that is
4  sufficiently immediate to warrant the extraordinary relief of a TRO.

5      Having found that Plaintiff has failed to demonstrate a likelihood of irreparable harm, the
6  Court declines to address the remaining requirements of a preliminary injunction. *See NRDC*, 129 S.
7  Ct. at 374.

## CONCLUSION

9      The Court **GRANTS** Defendants' motion to dismiss. Plaintiff's first and fifth causes of
10  action are **DISMISSED WITH PREJUDICE**. However, Plaintiff may file an amended
11  complaint for the limited purpose incorporating the factual allegations of the fifth cause of action
12  into the sixth cause of action <u>within seven days of this Order being electronically docketed</u>.

13      The Court **DENIES** Plaintiff's ex parte application for a temporary restraining order and
14  order to show cause why a preliminary injunction should not be entered.

15      **IT IS SO ORDERED**.

17  DATED: May 12, 2011

18                                           Honorable Janis L. Sammartino
19                                           United States District Judge