UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT SANCHEZ, SR.,<br><br>                              Plaintiff,<br>v.<br>ALBERT SANCHEZ, JR., et. al,<br>                              Defendants. | Case No.: 10-cv-1628-GPC (MDD)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION OF PLAINTIFF'S ATTORNEYS TO WITHDRAW AND GRANTING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSIVE PLEADING**<br><br>**[ECF Nos. 145, 146]** |

Before the Court, on referral from the District Court, are the motions of counsel for Plaintiff to withdraw (ECF No. 145) and Plaintiff's motion for an extension of time to file a responsive pleading regarding whether this case should be dismissed on *res judicata* or collateral estoppel grounds. (ECF No. 146). Both motions were filed on August 5, 2015. Defendants have advised the Court that they will not file a responsive pleading to either motion.

1

## Relevant Procedural History

The instant complaint was filed on August 4, 2010. (ECF No. 1).  Plaintiff subsequently filed two additional related lawsuits against the Defendants in the Superior Court in San Diego County.  The state cases proceeded to trial.  (Motion to Withdraw as Counsel, ECF No. 145-1 at 2).

The issue of whether resolution of the state cases would present issues of *res judicata* and collateral estoppel was first raised by the district court at a status hearing on October 25, 2012.  (ECF No. 124).  The district court ordered the matter to be briefed.  Defendants' brief was filed on October 2, 2012.  (ECF No. 125).  Plaintiff responded on November 13, 2012.  (ECF No. 126).  On November 15, 2012, at a status hearing, the district court called for additional briefing on the issue.  (ECF No. 128).  Each party filed the required supplemental briefing on December 7, 2012.  (ECF Nos. 133, 134).  On December 21, 2012, the district court stayed proceedings in the instant case pending final judgment in the parallel state court cases.  (ECF No. 136).

On April 21, 2015, Defendants notified the district court that the state proceedings had been concluded.  (ECF No. 140).  Defendants prevailed in the state cases and the judgments were affirmed by the state appeals court.  (*Id.*).  As a result, on May 14, 2015, the district court lifted the stay in the instant case.  (ECF No. 141).  At a status hearing on May 22, 2015, the district set a hearing date regarding whether the state court judgments were preclusive in the instant case for August 28, 2015, and set a briefing schedule.  (ECF No. 143).  Defendants brief was due and was timely filed on July 24, 2015.  (*Id.*; ECF No. 144).  Plaintiff's brief was due on August 7, 2015, and any reply by Defendants was due on August 14, 2015.  (ECF 143).

On August 5, 2015, counsel for Plaintiff filed the instant motions for leave to withdraw as counsel and for an extension of time to file a responsive pleading. (ECF Nos. 145, 146). Counsel for Plaintiff asserts that an irreconcilable conflict has arisen because Defendants have filed a lawsuit alleging malicious prosecution against Plaintiff and his attorneys in the Superior Court. (ECF Nos. 145-1, 145-2, 146, 146-1). The lawsuit was filed on July 16, 2015. (ECF No. 145-1). Plaintiff filed a declaration asserting that his lawyers advised him that there is a conflict based upon the filing of the malicious prosecution case and, consequently, intends to find new counsel upon the withdrawal of current counsel. (ECF No. 146-1).

As set forth below, the motion to withdraw as counsel is DENIED WITHOUT PREJUDICE. The motion for an extension of time for Plaintiff to file his responsive brief is GRANTED IN PART.

## Legal Standard

"An attorney may not withdraw as counsel except by leave of court, [citation omitted] and 'the decision to withdraw as counsel is committed to the discretion of the trial court.' [citations omitted] In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. [citations omitted]"

*Beard v. Shuttermart of California, Inc.*, 2008 WL 410694 *2 (S.D. Cal., No. 07cv594-WQH, Feb. 13, 2008).

## Analysis

The Court agrees that Plaintiff and his attorneys are conflicted in the

3

malicious prosecution case filed against them in Superior Court. The question is whether, considering the current posture of the instant case, that the conflict requires their immediate withdrawal from this case. The Court believes not.

First, the issue pending before the district court is entirely legal – whether the judgments obtained in the completed state court proceedings have preclusive effect in the instant case. At this stage, it does not appear that any privileged communications have any relevance. Moreover, neither counsel nor Plaintiff himself has suggested that there has been a breakdown in communications.

Second, the issue has been briefed twice, so far, by the parties. There is not much new here. The Defendants' brief, filed on July 24, 2015, is but eight pages. (ECF No. 144). The issue involves parsing the state court judgment and determining, as a matter of law, their preclusive effect or lack thereof.

Third, the briefing schedule for this last round was set on May 22, 2015. Counsel for Plaintiff had nearly two months to prepare prior to the filing of the malicious prosecution lawsuit on July 16, 2015.[1] And, as mentioned above, there is very little new here and Plaintiff's responsive pleading need tread no new ground other than providing Plaintiff's view regarding the parsing of the judgments.

Application of this factual predicate to the factors to be considered in deciding whether to grant a motion to withdraw militates against granting

---

[1] Counsel also provides no reason for the delay from that date until the filing of the instant motions on August 5, 2015.

withdrawal at this time.  First, the reason why withdrawal is sought is legitimate; the filing of the malicious prosecution lawsuit does raise a conflict.  Second, the Court agrees that there is no demonstrated prejudice to the Defendants, other than how long they have been in litigation with Plaintiff in several courts.  Third, the administration of justice will be harmed by allowing for withdrawal at this time.  The pending motion needs a ruling and it may be case dispositive.  There is no guarantee that Plaintiff will be able to find a new lawyer.  As it is, Plaintiff seeks 90 days for that purpose.  (ECF No. 146-1).  This has all the earmarks of another lengthy delay.  And, fourth, there can be no doubt that granting withdrawal will delay substantially the resolution of this case.

The Court finds that the harm to the administration of justice and the substantial likelihood of additional, lengthy delay in resolving this motion (and, potentially, this case), considering the circumstances, mitigates against allowing the withdrawal of counsel for Plaintiff at this time.  Should this case survive the dismissal motion, however, Plaintiff may refile.

Inasmuch as the date by which Plaintiff's responsive pleading passed on August 7, 2015, approximately one week ago, Plaintiff is granted one additional week, until close of business on August 20, 2015, to file his responsive pleading.  Defendants may reply, if they chose, no later than close of business on August 25, 2015.  The hearing date before District Judge Gonzalo P. Curiel on August 28, 2015, at 1:30 p.m. is confirmed.

## Conclusion

The motion of counsel for Plaintiff to withdraw is **DENIED WITHOUT PREJUDICE**.  The motion may be refiled in the event that the pending motion to dismiss is denied by the District Court.

Plaintiff's motion to extend the time to file a responsive pleading on the issue of preclusion is **GRANTED IN PART**. Plaintiff's brief is to be filed no later than close of business on August 20, 2015. Defendants may file a reply no later than close of business on August 25, 2015. The hearing date of August 28, 2015, at 1:30 p.m., before District Judge Gonzalo P. Curiel is confirmed, absent further Order of the Court.

**IT IS SO ORDERED:**

Dated: August 13, 2015

Hon. Mitchell D. Dembin
United States Magistrate Judge