# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT SANCHEZ, SR., <br><br> Plaintiff, <br> v. <br><br> ALBERT SANCHEZ, JR., et al., <br><br> Defendant. | CASE NO. 3:10-cv-1628-GPC-MDD <br><br> **ORDER:** <br><br> **(1) DISMISSING WITH PREJUDICE ALL CAUSES OF ACTION;** <br><br> **(2) VACATING HEARING** |

## I. INTRODUCTION

Before the Court is the issue of whether this action should be dismissed based on res judicata. The parties have fully briefed the issue. (ECF Nos. 144, 150, 151.) Upon review of the moving papers, admissible evidence, and applicable law, the Court DISMISSES WITH PREJUDICE all causes of action against all defendants.

## II. BACKGROUND

This case involves a business dispute between a father and son. (*See* ECF No. 44.) In this action Plaintiff Albert Sanchez, Sr. seeks to recover from Defendant Albert Sanchez, Sr. for the allegedly wrongful sale and distribution of goods bearing the alleged trademark "POLY-MVA™." (*See id.*) Sanchez, Sr. had also instituted a parallel state court action against Sanchez, Jr. seeking the same or similar recovery. (*See* ECF No. 130-1.)

On December 21, 2012, this Court found that the parallel state court action

would have preclusive effect in this action once final judgment in the state court action was entered (the "Stay Order"). (ECF No. 136, at 4–8.) Based on the *Colorado River* abstention doctrine, this Court found it appropriate to stay this action pending final judgment in the state court action. (*Id.* at 8–9); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

On April 3, 2015, final judgment was issued in the parallel state court action, (ECF No. 140, Ex. A), and on May 14, 2015, the stay was lifted in this case, (ECF No. 141). The parties have since briefed the issue of whether this action should be dismissed based on res judicata. (ECF Nos. 144, 150, 151.)[1]

### III. DISCUSSION

In the Stay Order, this Court found that all elements of res judicata had been met as to all claims except for the element of final judgment. (ECF No. 136, at 7–8.) Since the Stay Order, final judgment has been issued in the state court action. (*See* ECF No. 140, Ex. A.) Sanchez, Sr. raises three arguments in response: (1) he quotes the arguments made to this Court prior to the issuance of the stay, (2) he notes that Defendant ALO Investments, LLC ("ALO") was not a party to the state court action, and (3) he argues that the primary right at issue here differs from the primary right at issue in the state court action. (ECF No. 150, at 3–9.)

First, Sanchez, Sr. has not argued any basis for this Court to reconsider its previous ruling in the Stay Order and this Court already considered the arguments he raised at that time. Second, this Court has already found that the same primary right was at issue in both this action and the parallel state court action, (*see* ECF No. 136, at 4–6), and Sanchez, Sr. has put forth no basis justifying reconsideration of that determination. Moreover, the primary right analysis is as applicable to ALO as it is to any other defendant in this case. The Court now turns to Sanchez, Sr.'s final remaining contention: ALO's absence from the state court action.

---

[1] The Court also notes that, prior to the stay, the parties had also submitted multiple briefs regarding this issue. (ECF Nos. 125, 126, 130, 131, 132, 133.) Additionally, the Court held two hearings on the issue. (ECF Nos. 128, 135.)

Sanchez, Sr. argues the final judgment in the state court action does not have preclusive effect on his claims against ALO because ALO was not a party to the state court action. (ECF No. 150, at 6–10.) Sanchez, Jr. concedes that ALO was not a party to the state court action, but argues that ALO is in privity with the defendants in the state court action. (ECF No. 151, at 3.) The Court agrees with Sanchez, Jr. The doctrine of res judicata applies not only to the parties themselves, but to "parties *or their privies*." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)) (emphasis added). Privity "is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Id.* at 881 (quoting *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir.1977)). Privity exists where two parties have "sufficient commonality of interest." *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted). "When a person owns most or all of the shares in a corporation and controls the affairs of the corporation, it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest." *Id.* (citing *Sparks Nugget, Inc. v. Commissioner*, 458 F.2d 631, 639 (9th Cir.1972)).

The parties do not dispute that Sanchez, Jr. owns ALO. (*See* ECF No. 44 ¶ 12 ("Albert Jr. (as owner of 'Alo Investments LLC')"); ECF No. 151, at 2 ("ALO is owned by Sanchez Jr.").) Accordingly, the Court finds that Sanchez, Jr., who was a party to the state court action, (*see* ECF No. 140, Ex. A), is in privity with ALO and thus the state court final judgment has preclusive effect against ALO. *See Gottheiner*, 703 F.2d at 1140. Based on this finding, that the only remaining element of res judicata that needed to be met was final judgment, (*see* ECF No. 136, at 4–8), and that final judgment was issued in the state court action, (ECF No. 140, Ex. A), the Court finds that all elements of res judicata have been met as to all defendants. Thus, the Court DISMISSES WITH PREJUDICE all of Sanchez, Sr.'s causes of action against all defendants as they are barred by res judicata.

## IV. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. All causes of action against all defendants are **DISMISSED WITH PREJUDICE**; and
2. The hearing set for August 28, 2015, is **VACATED**.

DATED: August 27, 2015

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge